**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| WELLS FARGO BANK NA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:06-CV-0580-RWS |
| v. | : | |
| | : | |
| JANET NARH, | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

Plaintiff Wells Fargo Bank NA ("Wells Fargo") is the assignee of a

security deed giving it an interest in certain real property (previously) owned by

Defendant Janet Narh.  When Defendant failed to make payments due under her

mortgage, Wells Fargo initiated foreclosure proceedings pursuant to the deed,

and the property was sold at a foreclosure sale.  Thereafter, Wells Fargo

initiated a dispossessory proceeding in the Magistrate Court of Gwinnett

County, Georgia, seeking to recover possession of the property.  Defendant

answered, and a dispossessory hearing was set for March 13, 2006.  On the day

of the scheduled hearing, Defendant filed a Notice of Removal, stating that this

Court had jurisdiction "pursuant to Title 28, United States Code, § 1331, §

1332, § 1441, and [§] 1443[.]"  (See Notice of Removal [1] at 1.)  Wells Fargo

promptly responded by filing an Emergency Motion to Remand and for Award

of Attorney Fees and Costs [5].  For the reasons that follow, that Motion is

granted.

**Discussion**

Federal  courts are courts of limited  jurisdiction.  See Wymbs v.

Republican State Executive Comm., 719 F.2d 1072, 1076 (11th Cir.1983).  That

is, they are empowered to hear only those cases authorized by the Constitution

or Congress.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

377, 114 S. Ct. 1673, 128 L. Ed.2d 391 (1994).  Accordingly, a party seeking

removal bears the burden of establishing federal jurisdiction.  Friedman v. New

York Life Ins. Co, 410 F.3d 1350, 1353 (11th Cir. 2005).  Removal statutes are

construed narrowly with any doubt resolved in favor of remand.  Allen v.

Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003); Diaz v. Sheppard, 85 F.3d

1502, 1505 (11th Cir. 1996); see also Burns v. Windsor Ins. Co., 31 F.3d 1092,

1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to

2

choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

In her Notice of Removal, Defendant asserts that this Court has jurisdiction over this controversy by virtue of diversity of citizenship, the presence of claims presenting a federal question, and her assertion of causes of action for violation of her "civil rights."  (See Notice of Removal [1] at 1.)[1] None of these contentions have merit.

First, diversity provides no basis for removal because Defendant is a citizen of the State of Georgia.  See 28 U.S.C. § 1441(b) (outside the context of federal question jurisdiction, a civil action is removable "only if none of the

_____

[1] Defendant's Response and Opposition to Plaintiff's Motion to Remand [6], liberally read, could also be understood to assert jurisdiction on the basis of 28 U.S.C. § 1334(b), which confers jurisdiction on federal district courts for cases "related to" bankruptcy proceedings.  Putting aside the dubious merit of such an argument here, this basis for removal fails because it was not contained in Defendant's Notice of Removal. See Energy Catering Servs., Inc. v. Burrow, 911 F. Supp. 221, 222-23  (E.D. La. 1995) (explaining that "[a]fter the thirty day period [specified in § 1446(b)] has expired, any amendments to the removal notice must be made in accordance with 28 U.S.C. § 1653[,]" and that "[t]he jurisprudence interpreting § 1653 indicates that this section cannot be invoked to claim an entirely new and distinct jurisdictional basis"); see also Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 n.4 (11th Cir. 2003) ("we decline the invitation to exercise jurisdiction on that basis because [defendant] had the burden to plead this basis in its notice of removal, and it did not").

3

parties in interest properly joined and served as defendants is a citizen of the

State in which such action is brought"); <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61,

68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996) (defendant may remove an action

to federal court on the basis of diversity jurisdiction, provided that no defendant

is a citizen of the State in which such action is brought).

Likewise, Defendant cannot avail herself of this Court's jurisdiction over

cases presenting a federal question.  The " 'well-pleaded complaint rule'

provides that federal jurisdiction exists only when a federal question is

presented *on the face of the plaintiff's properly pleaded complaint*."  <u>See</u>

<u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96  L.

Ed. 2d 318 (1987) (emphasis supplied).  As a result, when the plaintiff does not

raise a federal question in his or her complaint, "it is no substitute that the

defendant is almost certain to raise a federal defense."  <u>Pan Am. Petroleum</u>

<u>Corp. v. Superior Court of Delaware</u>, 366 U.S. 656, 663, 81 S. Ct. 1303, 1307,

6 L. Ed. 2d 584 (1961).  Here, Wells Fargo sought to dispossess Defendant of

her former property pursuant to Georgia law.  Because no federal question

appears on the face of the Complaint, this Court is without jurisdiction to hear

this controversy under 28 U.S.C. § 1441(a).

4

Finally, 28 U.S.C. § 1443[2] provides no basis for this Court's jurisdiction. Pursuant to <u>Georgia v. Rachel</u>, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966), a defendant wishing to invoke § 1443(1) must show (1) "that the right upon which the petitioner relies arises under a federal law proving for specific civil rights stated in terms of racial equality[,]" and (2) "that he has been denied and cannot enforce that right in the state courts."  <u>Alabama v. Conley</u>, 245 F.3d 1292, 1295 (11th Cir. 2001) (internal quotations omitted).  Defendant cannot meet even the first prong of the two-pronged test.  She makes no claim that she has been denied any federal right stated in terms of *racial* equality.  Her claims

---

[2] Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

5

instead target what she perceives as discrimination against "dispossessory defendants" as a class.  Defendant's reliance on § 1443 is consequently unavailing.

In light of the foregoing, Wells Fargo's Motion to Remand [5] is **GRANTED**.  Moreover, the Court finds that an award of costs and fees in this case is appropriate.  <u>See</u> 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  While the Court is cognizant that § 1447(c) creates no presumption in favor of awarding fees, and that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal[,]" it finds that standard easily met in this case.  <u>Bunknight v. Monroe County</u>, – F.3d –, 2006 WL 1070204, at *2 (11th Cir. Aril 25, 2006).  As the discussion above makes clear, Defendant's removal attempt was altogether infirm.  She lacked any objectively reasonable basis for seeking removal.

Wells Fargo is **DIRECTED** to file an itemized statement of its costs and fees within five (5) days of the entry of this Order.  Defendant shall then have five (5) days within which to file any objections thereto.

AO 72A
(Rev.8/82)

## Conclusion

Plaintiff's Emergency Motion to Remand and for Award of Attorney Fees and Costs [5] is **GRANTED**.  This case is hereby **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

Plaintiff  is **DIRECTED** to file an itemized statement of its costs and fees within five (5) days of the entry of this Order.  Defendant shall then have five (5) days within which to file any objections thereto.

**SO ORDERED** this __9th__ day of May, 2006.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)